McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-CV-00749-KJM-CKD |
|---|---|
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 9959 PIANELLA WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1190-040-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED AT 9526 SURRITT WAY, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 134-0830-031-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

The United States and Claimants Xiaoying Weng, Ming Hui Hu and Roger Anderson, Trustee of the RWA Trust Dated March 14, 2014, hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM, and ongoing criminal investigation into

marijuana grows at the defendant properties.

1. This is a forfeiture *in rem* action against two properties pursuant to 21 U.S.C. § 881(a)(7) because they allegedly were used and intended to be used to commit or facilitate violations of federal drug laws:

    a. Real Property located at 9959 Pianella Way, Elk Grove, California, the "*Defendant Pianella Way.*" Xiaoying Weng has filed a claim asserting an ownership interest in defendant Pianella Way. PS Funding, Inc. filed a claim asserting a lienholder interest in defendant Pianella Way. This property was sold and the proceeds were used to satisfy PS Funding's loan.[1] The net proceeds from the sale shall be substituted for the defendant Pianella Way.

    c. Real Property located at 9526 Surritt Way, Elk Grove, California, the "*Defendant Surritt Way.*" Ming Hui Hu has filed a claim asserting an ownership interest in defendant Surritt Way. Roger Anderson, Trustee of the RWA Trust Dated March 14, 2014, filed a claim asserting a lienholder interest in defendant Surritt Way. The defendant Surritt Way is currently in default and the loan continues to accrue penalties and interest.

3. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

4. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in two related cases, <u>United States v. Leonard Yang, et al.</u>, Case 2:16-CR-00189-KJM and <u>United States v. Xiu Ping Li, et al.</u>, Case No. 2:17-CR-00136-KJM. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties,

---

[1] Accordingly, PS Funding, Inc. no longer has an interest in Defendant Pianella Way.

or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

5. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration ("DEA"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

6. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

7. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

Dated: 7/26/2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/27/18

/s/ J. Patrick McCarthy
J. PATRICK McCARTHY
Attorney for Claimants Xiaoying Weng
and Ming Hui Hu
(Authorized by email)

Dated: 8/1/18

/s/ Larissa A. Branes
LARISSA A. BRANES
Attorney for Claimant Roger Anderson, Trustee of
the RWA Trust Dated March 14, 2014
(Authorized by email)

///

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED: August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE